UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDREW LOPEZ, | ) | 1:04-CV-05529 AWI SMS HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATION |
| | ) | REGARDING PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS |
| | ) | |
| WARDEN SCRIBNER, | ) | |
| | ) | |
| Respondent. | ) | |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

**BACKGROUND**[1]

Petitioner is currently in the custody of the California Department of Corrections pursuant to a judgment of the Superior Court of California, County of Stanislaus, following his conviction by jury trial on December 13, 1991, of second degree murder in violation of Cal. Penal Code § 187. See Exhibit B, Respondent's Answer to the Petition (hereinafter "Answer"). The allegation that Petitioner used a dangerous weapon was also found to be true. Id. Petitioner admitted to having

---

[1] This information is derived from the Petition for Writ of Habeas Corpus, Respondent's Answer to the petition, and Petitioner's Traverse.

served a prior prison term within the meaning of Cal. Penal Code § 667.5(b). Id. On June 12, 1992, Petitioner was sentenced to serve a total indeterminate term of 17 years to life in state prison. See Exhibit D, Answer.

Petitioner timely appealed to the California Court of Appeals, Fifth Appellate Distirct (hereinafter "5th DCA"). On March 11, 1994, the 5th DCA affirmed the judgment. Id. Petitioner did not file a petition for review in the California Supreme Court.

Petitioner filed post-conviction collateral challenges, all petitions for writ of habeas corpus, commencing in the Stanislaus County Superior Court on July 17, 2001. After the petitions were denied by the superior court and appellate court, see Exhibits E-K, Respondent's Motion to Dismiss (hereinafter "Motion"), Petitioner filed a habeas petition in the California Supreme Court on June 9, 2003. See Exhibit E, Answer. The petition was denied as untimely with citation to In re Robbins, 18 Cal.4th 770, 780 (1998), on February 18, 2004. See Exhibit F, Answer.

On March 11, 2004, Petitioner filed the instant petition for writ of habeas corpus in the United States District Court for the Northern District of California. By order of the Court dated March 19, 2004, the action was transferred to the Fresno Division of the Eastern District and received in this Court. On July 16, 2004, Respondent filed a motion to dismiss the petition as being filed outside the one-year limitations period prescribed by 28 U.S.C. § 2244(d)(1). Petitioner filed an opposition on August 4, 2004. Respondent then withdrew his motion to dismiss. On September 16, 2004, Respondent filed an answer wherein Respondent contends Petitioner has violated the limitations period and procedurally defaulted his claims. Respondent further contends the petition is without merit. On October 19, 2004, Petitioner filed his traverse.

## DISCUSSION

A.  Limitation Period for Filing a Petition for Writ of Habeas Corpus

On April 24, 1996, Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (hereinafter "AEDPA").  The AEDPA imposes various requirements on all petitions for writ of habeas corpus filed after the date of its enactment. Lindh v. Murphy, 521 U.S. 320, 117 S.Ct. 2059, 2063 (1997); Jeffries v. Wood, 114 F.3d 1484, 1499 (9th Cir. 1997) (en banc), *cert. denied,* 118 S.Ct. 586 (1997).

In this case, the petition was filed on March 11, 2004, and therefore, it is subject to the provisions of the AEDPA. The AEDPA imposes a one-year period of limitation on petitioners seeking to file a federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1). As amended, § 2244, subdivision (d) reads:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

In most cases, the limitations period begins running on the date that the petitioner's direct review became final. The AEDPA, however, is silent on how the one year limitation period affects cases where direct review concluded *before* the enactment of the AEDPA. The Ninth Circuit has held that if a petitioner whose review ended before the enactment of the AEDPA filed a habeas corpus petition within one year of the AEDPA's enactment, the Court should not dismiss the petition pursuant to § 2244(d)(1). Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,1286 (9th Cir.), *cert. denied*, 118 S.Ct. 899 (1998); Calderon v. United States Dist. Court (Kelly), 127 F.3d 782, 784 (9th Cir.), *cert. denied*, 118 S.Ct. 1395 (1998). In such circumstances, the limitations period would begin to run on April 25, 1996. Patterson v. Stewart, 2001 WL 575465 (9th Cir. Ariz.). Thus, Petitioner had one year until April 24, 1997, in which to file his federal petition for writ of habeas corpus. However, Petitioner did not filed the instant petition until March 11, 2004, almost seven years after the limitations period had expired. Absent applicable tolling, the instant petition is

1 untimely and barred by the statute of limitations.

2 B.  Tolling of the Limitation Period Pursuant to 28 U.S.C. § 2244(d)(2)

3 Title 28 U.S.C. § 2244(d)(2) states that the "time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the one year limitation period.  28 U.S.C. § 2244(d)(2). In Carey v. Saffold, the Supreme Court held the statute of limitations is tolled where a petitioner is properly pursuing post-conviction relief, and the period is tolled during the intervals between one state court's disposition of a habeas petition and the filing of a habeas petition at the next level of the state court system. 536 U.S. 214, 215 (2002); see also Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), cert. denied, 120 S.Ct. 1846 (2000). Nevertheless, state petitions will only toll the one-year statute of limitations under § 2244(d)(2) if the state court explicitly states that the post-conviction petition was timely or was filed within a reasonable time under state law. Pace v. DiGuglielmo, 544 U.S. 408 (2005); Chavis v. Evans, ___ U.S. ___, 126 S.Ct. 846 (2006). Claims denied as untimely or determined by the federal courts to have been untimely in state court will not satisfy the requirements for statutory tolling. Id.

In this case, the statute of limitations began to run on April 25, 1996, and expired on April 24, 1997.  Although Petitioner filed post-conviction collateral challenges with respect to the pertinent judgment or claim in the state courts, those petitions did not operate to toll the statute of limitations. The first collateral challenge was filed on July 17, 2001, and denied on August 9, 2001. See Exhibits E-F, Motion. Since the petition was filed and denied after the limitations period had already expired, the petition had no tolling consequences. Green v. White, 223 F.3d 1001, 1003 (9th Cir.2000) (Petitioner is not entitled to tolling where the limitations period has already run); see also Webster v. Moore, 199 F.3d 1256 (11th Cir.2000); Rendall v. Carey, 2002 WL 1346354 (N.D.Cal.2002). Likewise, the subsequent state habeas petitions had no tolling consequences. The Court notes that the habeas petition filed in the California Supreme Court on June 9, 2003, and denied on February 18, 2004, cannot toll the limitations period because it was denied as untimely. See Exhibits E-F, Answer; see Pace, 544 U.S. 408. Therefore, Petitioner is not entitled to any statutory tolling and the petition continues to be untimely.

C. Equitable Tolling

The limitations period is subject to equitable tolling if the petitioner demonstrates: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." Pace v. DiGuglielmo, 544 U.S. 408 (2005); see also Irwin v. Department of Veteran Affairs, 498 U.S. 89, 96 (1990); Calderon v. U.S. Dist. Ct. (Kelly), 163 F.3d 530, 541 (9th Cir. 1998), *citing* Alvarez-Machain v. United States, 107 F.3d 696, 701 (9th Cir. 1996), *cert denied*, 522 U.S. 814 (1997). Petitioner bears the burden of alleging facts that would give rise to tolling. Pace, 544 U.S. 408; Smith v. Duncan, 297 F.3d 809 (9th Cir.2002); Hinton v. Pac. Enters., 5 F.3d 391, 395 (9th Cir.1993).

Petitioner raises several arguments as to why the limitations period should be equitably tolled. Petitioner alleges prison authorities failed to provide his legal property to him on several occasions and refused to return them in a timely fashion when Petitioner would request them. Petitioner argues that certain items of his property were destroyed without his consent. He further claims his appellate counsel was ineffective and failed to advise him of his right to appeal to the California Supreme Court. Petitioner also claims he was placed in administrative segregation or on lockdown, and this prevented him from working on his petition. Finally, Petitioner alleges he developed carpal tunnel syndrome around September, 2000, and this has caused difficulties in the preparation of his legal work. The Court has reviewed Petitioner's claims for equitable tolling and the evidence he has submitted in the form of exhibits to his traverse and opposition; however, the Court finds Petitioner's claims insufficient to justify equitable tolling for the period of nearly seven years.

Petitioner first claims he was placed in administrative segregation on July 8, 1994, until October 7, 1994. See Exhibit 1, Petitioner's Traverse (hereinafter "Traverse"). He claims he received his property back on October 19, 1994, with the exception of certain items which were disposed of by prison authorities as contraband. According to Petitioner's inmate complaint forms, these items consisted of a red sweatshirt, a "hot pot," an extension cord, and two drawings. Id. In his traverse, however, he now claims a habeas draft was also missing. In any case, Petitioner states he began working on his petition again in 1994 and 1995 when he contacted two jailhouse lawyers to assist

him in drafting a petition. Petitioner did not file anything in the state courts in 1994, 1995, or 1996, but he claims he was working on his petition during that time with the help of these two assistants. The statute of limitations did not commence until April 25, 1996, so the alleged impediment in 1994 could not toll the limitations period. Nevertheless, it is significant to note that Petitioner had ample time to draft a habeas petition from 1994 to 1996 with assistance from two jailhouse lawyers, but he did not do so.

On July 15, 1996, three months into the limitations period, Petitioner was placed in administrative segregation until he was transferred to High Desert State Prison on January 15, 1997. During this time, Petitioner claims he was without his legal property. On February 2, 1997, Petitioner picked up the property that was transferred from his former institution; however, he claims a certain criminal transcript was not present, and he filed a complaint with the institution that same day. Petitioner fails to state why this particular transcript was significant and necessary to the drafting of his petition. In addition, Petitioner fails to state what he did to pursue his remedies after he picked up his property on February 2, 1997. He states his institution was placed on a total lockdown eighteen months later on August 21, 1998, for an unstated duration. In any case, those eighteen months from February 2, 1997, to August 21, 1998, were available to Petitioner to draft a habeas petition.

Petitioner states his property was again taken from him on December 30, 1998, when he left the institution to attend court. The property was returned to him on February 5, 1999. See Exhibit 11, Traverse. Six more months passed with no explanation from Petitioner as to whether he was diligently pursuing his remedies, but it is apparent the time was available to him. On August 14, 1999, Petitioner claims he was again without his property due to a transfer to attend court. The property was returned to him on August 26, 1999. Another year passed without explanation until September, 2000, when Petitioner alleges he began experiencing carpal tunnel syndrome. While this condition may have hampered Petitioner, it certainly was not an extraordinary circumstance which prevented him from complying with the limitations period. The vast amount of handwritten pages produced by Petitioner since that time belie any claim that it was. Five more months passed until Petitioner was transferred to Corcoran State Prison on February 15, 2001. Petitioner states he began working on his petition then. Three months passed until May 15, 2001, when Petitioner was

hospitalized until June 4, 2001. Then, on July 17, 2001, he filed his first state habeas petition in Stanislaus County Superior Court.

From Petitioner's account of the ten years prior to filing his habeas petition, it is apparent that Petitioner has not diligently pursued his remedies, and no extraordinary circumstance stood in his way from filing his federal petition. Petitioner makes broad claims of being deprived of his legal materials, but he fails to state what materials he was denied and how this prevented him from timely pursuing his remedies. In addition, most of his claims are completely unfounded. For example, he claims that every time he attempted to work on his habeas petition, prison authorities would place him in administrative segregation and separate him from his property. However, most of these placements were necessary to enable transfers to another facility or to attend court. In almost all of these instances, Petitioner's legal documents were returned to him within a few weeks. In one instance, he claims his property was wrongfully destroyed and points to an inmate complaint he made regarding the destruction of the property; however, nowhere in the inmate complaint does he mention a loss of legal documents, only personal items.

Even if the Court were to toll the periods of time Petitioner claims he was without his legal materials, there are vast periods of time totaling several years where Petitioner was either admittedly working on his petition or could have been. For instance, between 1994 and 1996, Petitioner admittedly worked on his petition with the assistance of two jailhouse lawyers. From February 2, 1997, until August 21, 1998, a period of eighteen months, Petitioner could have pursued his remedies. The same rationale goes for the following unaccounted for periods of time: August 21, 1998 to December 30, 1998; February 5, 1999 to August 14, 1999; August 26, 1999, to May 15, 2001; and June 4, 2001, to July 17, 2001. For the above reasons, the Court finds Petitioner should not be granted equitable tolling.

In addition, Petitioner's claims that his appellate counsel provided ineffective assistance and failed to advise him of the limitations period do not constitute extraordinary circumstances. See Frye v. Hickman, 273 F.3d 1144 (9th Cir. 2001) (holding that the miscalculation of the limitations period by a petitioner's counsel and his negligence in general do not constitute extraordinary circumstances sufficient to warrant equitable tolling).

1  Accordingly, Petitioner should not be entitled to equitable tolling and the petition remains
2  untimely. Because the petition violates the limitations period, it should be dismissed on this basis.

**RECOMMENDATION**

Accordingly, the Court HEREBY RECOMMENDS that the habeas corpus petition be DISMISSED with prejudice for Petitioner's failure to comply with 28 U.S.C. § 2244(d)'s one year limitation period.

This Findings and Recommendation is submitted to the Honorable Anthony W. Ishii, United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within ten (10) court days (plus three days if served by mail) after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Replies to the objections shall be served and filed within ten (10) court days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

**Dated:   August 29, 2006**              /s/ Sandra M. Snyder
icido3                                    UNITED STATES MAGISTRATE JUDGE