# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANDREW LOPEZ, ) | 1:04-CV-05529 AWI SMS HC |
| ) | |
| Petitioner, ) | ORDER ADOPTING FINDINGS AND |
| ) | RECOMMENDATION |
| ) | [Doc. #28] |
| v. ) | |
| ) | ORDER DISMISSING PETITION FOR WRIT |
| ) | OF HABEAS CORPUS |
| WARDEN SCRIBNER, ) | [Doc. #1] |
| ) | |
| Respondent. ) | ORDER DIRECTING CLERK OF COURT |
| ) | TO ENTER JUDGMENT |

Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

On August 30, 2006, the Magistrate Judge issued Findings and Recommendation that recommended the petition be DISMISSED for violating the statute of limitations set forth in 28 U.S.C. § 2244(d)(1). The Magistrate Judge further recommended that the Clerk of Court be DIRECTED to enter judgment.  The Findings and Recommendation was served on all parties and contained notice that any objections were to be filed within thirty (30) days of the date of service of the order.

On September 18, 2006, Petitioner filed objections to the Findings and Recommendation.

1  Petitioner contends he should be entitled to equitable tolling for the eight-year interval between the
2  commencement of the limitations period and his post-conviction collateral challenges in state court.
3  The Magistrate Judge found Petitioner did not demonstrate diligence and did not show that any
4  extraordinary circumstances stood in his way. The Magistrate Judge concluded Petitioner did not
5  merit equitable tolling for the eight-year interval. In his objections, Petitioner raises many arguments
6  for equitable tolling in an attempt to demonstrate his diligence and the obstacles he faced during this
7  time period. Petitioner's arguments do not merit equitable tolling.

8  The Court hereby takes judicial notice of Lopez v. Hada, 2:94-CV-00891 FCD JFM PC.[1] In
9  that case, Petitioner filed a pro se civil rights complaint on June 7, 1994, in the Sacramento Division
10 of this District. Notwithstanding the purported extraordinary circumstances he presents in this case,
11 he conducted his civil rights case from June 7, 1994, *including trial*, until judgment was rendered on
12 September 10, 1999. A review of the docket reveals Petitioner actively and diligently represented
13 himself during this time. Indeed, hardly a month went by during this time period that Petitioner did
14 not file some pleading or brief with the Court. Given this record, it is evident Petitioner had the
15 opportunity and the wherewithal to seek habeas relief within the given time period, but did not do so.
16 It is clear Petitioner did not act diligently with respect to his habeas claims, and it is clear no
17 extraordinary circumstance barred him from filing his federal habeas petition. Therefore, Petitioner
18 is not entitled to equitable tolling for this extended eight-year period.

19 In addition, the Court notes Petitioner should not be provided any tolling for the time period
20 following denial of his state habeas petition by the appellate court until the filing of the instant
21 federal petition, because the state habeas petition filed in the California Supreme Court was
22 untimely. As discussed by the Magistrate Judge, Petitioner filed his first collateral challenge, a
23 habeas petition, on July 17, 2001, in the Stanislaus County Superior Court. See Exhibit C,
24 Respondent's Motion to Dismiss ("Motion"). That petition was denied on August 9, 2001. See
25 Exhibits D and F, Motion. Pursuant to 28 U.S.C. § 2244(d)(2), the petition would toll the limitations

---

[1] This Court "may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." U.S. ex rel. Robinson Rancheria Citizens Council v. Borneo, Inc., 971 F.2d 244 (9th Cir.1992); see also MGIC Indem. Co. v. Weisman, 803 F.2d 500, 505 (9th Cir. 1986); United States v. Wilson, 631 F.2d 118, 119 (9th cir. 1980).

1  period. Petitioner next filed a habeas petition in the California Court of Appeals, Fifth Appellate
2  District, on September 5, 2001. See Exhibit G, Motion. Petitioner would be entitled to tolling for the
3  interval between the superior court denial and the appellate court filing. Carey v. Saffold, 536 U.S.
4  214, 215 (2002). The petition was denied on May 10, 2002, without prejudice to refiling. See Exhibit
5  H, Motion. Petitioner refiled his petition on June 19, 2002, and it was denied on May 23, 2003. See
6  Exhibits J and K, Motion. Assuming pursuant to § 2242(d)(2) that Petitioner would be entitled to
7  tolling for the time these petitions were pending, the limitations period recommenced on May 24,
8  2003. On June 9, 2003, Petitioner filed a habeas petition with the California Supreme Court. See
9  Exhibit L, Motion. The petition was denied with citation to In re Robbins, 18 Cal.4th 770, 780
10 (1998). A citation to In re Robbins signifies the case has been denied as procedurally barred for
11 reason of untimeliness. Id. When a state court explicitly states that a post-conviction petition is
12 untimely, the state petition does not toll the statute of limitations. Evans v. Chavis, ___ U.S. ___,
13 126 S.Ct. 846 (2006); Pace v. DiGuglielmo, 544 U.S. 408 (2005). Therefore, the additional ten-
14 month, twelve-day, period from the denial of his appellate habeas petition to the filing of the instant
15 federal petition would not be statutorily tolled.

16      In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C), this Court has conducted a *de
17 novo* review of the case.  Having carefully reviewed the entire file and having considered the
18 objections, the Court concludes that the Magistrate Judge's Findings and Recommendation is
19 supported by the record and proper analysis, and there is no need to modify the Findings and
20 Recommendations based on the points raised in the objections.

21      Accordingly, IT IS HEREBY ORDERED that:

22      1. The Findings and Recommendation issued August 30, 2006, is ADOPTED IN FULL;

23      2. The Petition for Writ of Habeas Corpus is DISMISSED with prejudice; and

24      3. The Clerk of Court is DIRECTED to enter judgment.

25 IT IS SO ORDERED.

26 **Dated:   November 19, 2006**           /s/ Anthony W. Ishii
   0m8i78                                UNITED STATES DISTRICT JUDGE